USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2 6 MAR 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
TIMOTHY BATTHANY,

     Plaintiff,

 -v-

BRIAN FISCHER, ANTHONY ANNUCCI, et. al,

     Defendants.

------------------------------------ x

MEMORANDUM DECISION
AND ORDER
09 CIV. 6510 (GBD)(AJP)

GEORGE B. DANIELS, United States District Judge:

Plaintiff, Timothy Batthany, a former inmate in the custody of the New York State Department of Corrections Services ("DOCS") brings this action pursuant to 42 U.S.C. § 1983 against employees of DOCS , New York State Division of Parole ("DOP") and the City of New York and various employees. Plaintiff alleges that Defendants deprived him of his liberty in violation of the Fourth and Fourteenth Amendments as a result of an erroneous calculation of his jail time for a parole violation, which caused him to be released from New York State custody a month and a half later than his anticipated release.[1] State Defendants filed a Motion to Dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This Court referred the matter to Magistrate Judge Andrew J. Peck for a Report and Recommendation. Magistrate Judge Peck issued a Report and Recommendation ("Report") recommending that Defendant State of New York's Motion to Dismiss be denied substantially for the reasons set

---

[1] While out on parole, Plaintiff was arrested and plead guilty to the parole violation. Plaintiff was ordered to return to DOCS custody for seven months and nineteen days. Plaintiff also pled guilty to two counts of criminal contempt. Justice William Harrington of the New York Supreme Court, Queens County sentenced Plaintiff to six months on each contempt count to run concurrent with each other and concurrent with the parole violation. According to Plaintiff, his lawful sentence expired on April 24, 2008 but he was not released until June 3, 2008.

forth in his Report and Recommendation in Sudler v. City of New York, 2009 WL 68095 (S.D.N.Y. Jan. 8, 2010) (Peck, M.J.).

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 432 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In his report, Magistrate Judge Peck advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Defendants filed a timely objection to the Report arguing that Magistrate Judge Peck erroneously interpreted N.Y. Penal Law §70.43(3)(c)(iii) to be a sentencing statute when recommending denial of their motion.[2] Further, Defendants argue that

---

[2] New York Penal Law § 70.40(3)(c)(iii) states in relevant part:
Any time spent by a person in custody from the time of delinquency to the time service of the sentence resumes shall be credited against the term or maximum term of the interrupted sentence, provided. . .
  (iii) that such custody arose from an arrest on another charge which culminated in a

2

Magistrate Judge Peck erred in not recommending State dismissal on the basis of qualified immunity. Defendants maintain that Magistrate Judge Peck erroneously relied upon the companion case of Sudler v. City of New York, 08cv. 113389, 2010 WL 68095 (S.D.N.Y., 2010) when making the recommendation to deny Defendants' motion to dismiss because of the significant distinctions between Sudler and this present case. This Court has examined the objections and finds them to be without merit. This Court adopts the Report's recommendation that the State Defendants' Motion to Dismiss is denied.

Magistrate Judge Peck correctly found that Defendants' Motion to Dismiss provided contradictory positions in regard to N.Y. Penal Law §70.43(3). The Court cannot determine whether the State (Parole and/or DOCS) has a policy pursuant to N.Y. Penal Law §70.43(3) to impose consecutive jail time even where the sentencing judge orders the sentences to be concurrent, or whether Parole (and/or DOCS) policy is to give appropriate credit where the judge orders the sentences to be concurrent, and any failure to do so is the result of insufficient documentation of the judge's order. This was the very reason Judge Peck recommended denial of the State Defendants' motion to dismiss in the parallel Sudler case rasing the same issue regarding availability and calculation of current time. The errors made in regard to Mr. Sudler and Mr. Batthany are not isolated incidents, rather, their cases demonstrate the need for uniform policy and administrative implementation procedures on behalf of parole violators by the State.

Magistrate Judge Peck correctly identified that the assertion of qualified immunity in this case raised by Defendants shields State Defendants from any damage claims, however, it does not protect Defendants from claims for declaratory or injunctive relief. Since Plaintiff's amended complaint can be read to seek such relief, Magistrate Judge Peck's decision not to recommend

---

> conviction, but in such case, if a sentence of imprisonment was imposed, the credit allowed shall be limited to the portion of the time spent in custody that exceeds the period, term or maximum term of imprisonment imposed for such conviction.

3

dismissal on this ground is correct. Magistrate Judge Peck's reliance on his recommendation in the accompanying Sudler case is correct, given that the issues raised in both cases are substantially the same. State Defendants' Motion to Dismiss is denied.

Dated: New York, New York
       March 25, 2010

SO ORDERED:

GEORGE B. DANIELS
United States District Judge

4